**Spagnol Enterprises, Inc. v. Franklin Township Zoning Hearing Board**

*Marker & McBride,* for appellant.
*Henry Hudson,* contra.

MIHALICH, *J.*, May 9, 1973.—This court has been called upon to resolve the propriety of defendant's "Motion to Strike Appeal." The appeal in question was filed by plaintiff on January 5, 1973, wherein plaintiff contends that the Franklin Township Zoning Hearing Board arbitrarily and capriciously ruled against its request for a variance to the Franklin Township Zoning Ordinance.

After filing of plaintiff's appeal in the court of common pleas, defendant filed a "Motion to Strike Appeal." This motion to strike sets forth three reasons why plaintiff's appeal should be stricken. These three reasons are as follows: (1) absence of proper party appellant to appeal; (2) absence of sufficient grounds asserted for appeal; (3) failure to serve notice of intended appeal upon property owner and filing of proof thereof.

The court believes that defendant's first reason has no merit. Plaintiff is the proper party appellant. The records of the zoning board and plaintiff's appeal filed in the court of common pleas, establishes that plaintiff holds an option to purchase the land in question from the record title holder; the appeal further alleges that plaintiff is also the majority stockholder of the corporation that owns the land in question. The Act of June 1, 1972, P. L. 238 (No. 93), sec. 1006, 53 PS §11006, in part provides:

"From a decision of the governing body or planning agency under a subdivision or land development ordinance the *landowner* may appeal directly to court." (Emphasis supplied.)

The definition section of the above quoted act defines landowner as follows:

"(12) 'Landowner,' the legal or beneficial owner or owners of land including the holder of *an option* or contract to purchase (whether or not such option or

contract is subject to any condition), a lessee if he is authorized under the lease to exercise the rights of the landowner, or other person having a proprietary interest in land, shall be deemed to be a landowner for the purposes of this act.": 53 PS §10107. (Emphasis supplied.)

Plaintiff, as an option holder and as majority stockholder of the corporation that owns the land in question, comes within the definition of an appellant who may bring the appeal in question; therefore, defendant's first reason for striking the appeal does not justify a dismissal of the appeal.

In defendant's second reason, defendant contends that plaintiff must factually plead his alleged grounds setting forth the basis of the appeal. This is not required by law nor does it represent past practice. The appeal does adequately set forth the grounds on which plaintiff relies. Section 1008 of the act provides in part:

"(1) Zoning appeals shall be entered as of course by the prothonotary or clerk upon the filing of a zoning appeal notice *which concisely sets forth the grounds on which the appellant relies.*": 53 PS §11008. (Emphasis supplied.)

Thirdly, defendant contends the appeal should be dismissed because of plaintiff's failure to serve notice of appeal upon the property owner as required by 53 PS §11005 (c).

A quick reference to this statute will reveal that it is no longer the law of the Commonwealth; furthermore, even if the old law was still in existence, plaintiff was not required to provide such notice because he was the holder of an option to purchase and was, for the purpose of this appeal, "the owner of property directly involved in the decision."

For the above-mentioned reasons, defendant's "Motion to Strike Appeal" is denied and dismissed.

## ORDER

And now, May 9, 1973, after argument and after review of the record, it is ordered and decreed that defendant's "Motion to Strike Appeal" is denied and dismissed.